No. 46          February 25, 2014          357

IN THE OREGON TAX COURT
REGULAR DIVISION

B'NAI BRITH MENS CAMP ASSOCIATION,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5168)

Plaintiff (taxpayer) appealed from a Magistrate Division decision as to denial of property tax exemption for an additional parcel of land it had acquired in Lincoln County. Taxpayer argued that an acquisition of land adjoining an already exempt parcel of land was an "addition" to that parcel as defined in the statute—ORS 307.162(4)(a), and therefore the property was exempt. Defendant (the department) asserted that taxpayer's construction was much too broad and inconsistent with the language of the statute and the legislative purpose in adding that language. Granting the department's motion for summary judgment, the court ruled that based upon the rules of statutory construction and the known legislative history available, the statutory phrase "additions or improvements to the exempt property" does not refer to property adjacent to already exempt property and contained in a separate tax account that is acquired by a taxpayer, where that acquisition cannot be reasonably seen as endangering the exempt status of the property already owned by a taxpayer, and that if the legislative intent to afford an exemption is not clear, or if the arguments for and against exemption are in equipoise, the exemption is not available.

Oral argument on cross-motions for summary judgment was held November 20, 2013, in the courtroom of the Oregon Tax Court, Salem.

Irving W. Potter, Josselson & Potter, Beaverton, filed the cross-motion and argued the cause for Plaintiff (taxpayer).

Melisse S. Cunningham, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant (the department).

Decision for Defendant rendered February 25, 2014.

**HENRY C. BREITHAUPT, Judge.**

I.   INTRODUCTION

This matter is before the court on cross-motions for summary judgment filed by Plaintiff (taxpayer) and Defendant (the department).

## II.   FACTS

The stipulation and record in this matter discloses that in October of 2009 taxpayer acquired real property in Lincoln County (the property) located adjacent to its existing real property. Taxpayer had operated its existing real property for many years as a camping facility and the land and improvements of that facility had been exempt from property tax (such property is referred to as "the exempt property").

Although taxpayer applied for exemption for the property for the 2010-11 tax year, its applications were rejected for reasons taxpayer does not challenge.

Taxpayer now argues that the property is exempt for the reason that it has the benefit of the provisions of ORS 307.162(4)(a) providing for exempt status in certain cases for "additions or improvements to" other exempt property.[1] The department argues that the provisions of ORS 307.162(4)(a) do not apply to the property. The department does not argue that taxpayer failed to satisfy the requirements of ORS 307.162(4)(b).

## III.   ISSUE

Is the property of the type described in ORS 307.162(4)(a) property that is an addition or improvement to other exempt property?

## IV.   ANALYSIS

ORS 307.162(4)(a) provides:

"Notwithstanding subsection (1) of this section, if an institution or organization owns property that is exempt from taxation under a provision of law listed in subsection (1) of this section and fails to file a timely claim for exemption under subsection (1) of this section for additions or improvements to the exempt property, the additions or improvements may nevertheless qualify for exemption."

Taxpayer asserts that the property is an "addition" to the exempt property and thus qualifies for exemption

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to the 2009 edition.

under ORS 307.162(4)(a). The department disagrees with that conclusion but does not argue that the other requirements of ORS 307.162 have not been satisfied.

The issue then is the correct construction of the phrase "additions or improvements to the exempt property." Taxpayer asserts that an acquisition of land adjoining an already exempt parcel of land is an "addition" to that parcel and therefore the property is exempt. The department asserts that taxpayer's construction is much too broad and inconsistent with the language of the statute and the legislative purpose in adding that language.

The parties' arguments and briefing indicate that there is ambiguity in the words "addition to the exempt property." They could mean an expansion or extension, in which case they would fit the facts here, as the property is contiguous to the exempt property. On the other hand, the acquisition of a separate parcel in another tax account could be an "addition of" property rather than an "addition to" the existing exempt property. Indeed, *Black's Law Dictionary* defines the term "improvement" as being "[a]n addition to real property, whether permanent or not; esp., one that increases its value or utility or that enhances its appearance." *Black's Law Dictionary* 772 (8th ed 2004). That definition seems to equate addition with improvement.

Therefore, it is appropriate to consider the legislative history of the statutory text. Subsection (4) was added to ORS 307.162 by the legislature in 1999. Or Laws 1999, ch 398, § 9. The legislative history provided to the court indicates that the concern of the legislature included certain YMCA property that was exempt but was potentially subject to loss of exemption due to the addition of a swimming pool to the facility.

The Staff Measure Summary stated: "If an institution owns property that is exempt and improvements or additions are made to the property, the organization must file an application with the county assessor to have these improvements exempt from taxation." Staff Measure Summary for SB 244A, House Committee on Revenue, May 20, 1999. Noteworthy in this explanation is the phrase "made to" and the use of the word "improvements" in the last clause to refer

back to the earlier language of "improvements or additions." Both strongly support the position of the department.

The concept of an addition as being something subject to the transitive phrase "made to" rather than an addition "of" something is reflected in the effective date provisions of the legislative change on which taxpayer relies. That effective date provision refers to additions or improvements "to" exempt property "made" after a given date. This language fits much more comfortably with the notion that an addition is "to" existing property and just "of" some other property. The latter meaning would more probably have been described as an addition "occurring after" a given date.

Taxpayer's position about the word "additions" could lead to belated exemption application for all types of property in all types of locations. Perhaps recognizing that such a construction would render the earlier subsections of ORS 307.162 meaningless, taxpayer suggests that the language in subsection (4)(a) is to be read as referring only to property contiguous with property of a taxpayer that is already exempt.

Two problems exist with this construction. The first is that the statute contains no such limiting language and taxpayer has supplied no legislative history to support this reading.

Second, where, as here, property adjacent to already exempt property and contained in a separate tax account is acquired by a taxpayer, that acquisition could not be reasonably seen, absent much more, as endangering the exempt status of the property already owned by a taxpayer. Accordingly, the reading goes far beyond the concerns that caused the legislature to amend the statute, namely some alteration of already exempt property that could endanger an existing exemption. That fact does not weigh in favor of taxpayer.

Taxpayer argues on the basis of older Oregon and federal cases that tax exemptions are not to be read grudgingly. Those cases predate the methodology that now governs statutory construction in Oregon. *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009). This court has considered that

methodology in concluding that the primary task of the court is to determine legislative intent. If the legislative intent to afford an exemption is not clear, or if the arguments for and against exemption are in equipoise, the exemption is not available. *North Harbour Corp. v. Dept. of Rev.*, 16 OTR 91 (2002) ("The rule of 'strict but reasonable' construction serves a function similar to allocation of the burden of proof. The 'strict but reasonable' rule serves as a tie breaker, in favor of taxation, where no legislative intent can be discerned.").

Taxpayer's arguments and support here are, at best, no better than those of the department. Accordingly, the court construes the statute as not providing relief or exemption to taxpayer.

## V.   CONCLUSION

The motion of the department is granted and the motion of taxpayer is denied. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted; and

IT IS FURTHER ORDERED that Plaintiff's Cross-Motion for Summary Judgment is denied.